UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL CASE NO. |
| | : | 3:24-CR-00112 (JCH) |
| v. | : | |
| | : | |
| MARKEYSE KELLY, JAQUAN PRICE, | : | FEBRUARY 4, 2025 |
| ROBERT COVINGTON, | : | |
| Defendants. | : | |

**RULING ON MOTION TO DISMISS (DOC. NO. 55)**

**I.   INTRODUCTION**

Defendant Jaquan Price ("Mr. Price"), is charged with Conspiracy to Possess with the Intent to Distribute Controlled Substances pursuant to sections 841(a)(1). 841(b)(1) and 846 of title 21 of the U.S. Code, and Possession with Intent to Distribute under sections 841(a)(1) and 841(b)(1) of the same title.  Superseding Indictment (Doc. No. 33).  Mr. Price is also charged with Unlawful Possession of Ammunition by a Felon in violation of section 922(g)(1) of title 18 of the U.S. Code, Count Nine of the Superseding Indictment.  Id.  Mr. Price moves to dismiss Count Nine, arguing that it violates the Second Amendment of the U.S. Constitution.  See Defendant's Memorandum in Support of Motion to Dismiss ("Def.'s Mem.") (Doc. No. 55-1).  The government opposes this Motion.  See Government's Memorandum in Opposition to Motion to Dismiss ("Gov'ts Opp'n") (Doc. No. 65)

For the reasons that follow, Mr. Price's Motion to Dismiss is denied.

**II.   DISCUSSION**

To determine whether a law regulating firearms is constitutional, courts are to consider whether the Second Amendment presumptively protects the action in question. New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 24 (2022).  If the action is

presumptively protected, the government bears the burden of showing that the firearms regulation is consistent with the history and tradition of firearms regulation as practiced at the time the Second Amendment was ratified. Id. Importantly, courts are not to undertake any sort of "means-end" analysis in deciding the constitutionality of the law in question. Id.

Mr. Price challenges the constitutionality of section 922(g)(1), relying on Bruen. See Def.'s Mem. In Mr. Price's view, Bruen abrogated United States v. Bogle, 717 F.3d 281 (2nd Cir. 2013), the Second Circuit's ruling upholding the constitutionality of section 922(g)(1). Id. at 7–10. Section 922(g)(1) is unconstitutional, according to Mr. Price, because the Second Amendment presumptively protects the possession of ammunition, which Mr. Price is alleged to have possessed, and the government cannot overcome this presumption by showing the statute comports with the history and tradition of firearms regulation at the time the Second Amendment was ratified in 1791. See id. at 3–7, 10–13. The government opposes Mr. Price's motion, arguing the statute is constitutional pursuant to Bogle. See Government's Memorandum in Opposition to Motion to Dismiss ("Gov'ts Opp'n") (Doc. No. 65). In the alternative, the government argues, even if Bruen undermines Bogle, the statute is constitutional under the Bruen framework. See id.

"Like most rights, the right secured by the Second Amendment is not unlimited." D.C. v. Heller, 554 U.S. 570, 626 (2008). Indeed, while the court did "not undertake an exhaustive historical analysis" of the Second Amendment, "nothing [in the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" Id. The court "repeat[ed] those assurances" two years after Heller. McDonald v. City of Chicago, Ill., 561 U.S. 742, 786 (2010). In Bruen, two members of the majority

approvingly cited Heller and McDonald for the proposition that "[p]roperly interpreted, the Second Amendment allows a variety of gun regulations." Bruen, 597 U.S. at 80 (Kavanaugh, J., concurring) (internal quotation marks omitted). Just last term, after it had decided Bruen, the Supreme Court concluded section 922(g)(8) of title 18 of the U.S. Code, was constitutional because "[o]ur tradition of firearms regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." United States v. Rahimi, 602 U.S. 680, 700 (2024).

In Bogle, the Second Circuit relied on some of the assurances just summarized to conclude section 922(g)(1) comports with the Second Amendment. Bogle, 717 F.3d at 281. In reaching this conclusion, the Bogle court did not undertake the sort of "means-ends" balancing forbidden by Bruen. See id. This court cannot conclude, therefore, Bruen, or any other Supreme Court decision, "so undermines [Bogle] that it will almost inevitably be overruled by the Second Circuit" such that Bogle should be disregarded. United States v. Sturdivant, No. 3:24-CR-65 (SRU), 2025 WL 42538, at *3 (D. Conn. Jan. 7, 2025); see also United States v. Carter, No. 3:23-CR-00074 (KAD), 2024 WL 3785366, at *3 (D. Conn. Aug. 13, 2024). In Bogle, the Second Circuit relied on Heller and McDonald and nothing in the Supreme Court's later decisions call into question those two cases. Thus, the court has no basis to disregard binding precedent. Accordingly, this court will follow Bogle in concluding section 922(g)(1) of title 18 of the U.S. Code is constitutional.

### III.  CONCLUSION

For the reasons stated above, the defendant's Motion to Dismiss Count Nine of the Superseding Indictment (Doc. No. 55) is denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 4th day of February 2025.

        /s/ Janet C. Hall
Janet C. Hall
United States District Judge